**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NESTOR MEZA,

      Petitioner,

v.                                  CASE NO. 8:04-CV-2049-T-30TGW
                                                  8:03-CR-124-T-30TGW

UNITED STATES OF AMERICA,

      Respondent.

_____/

# O R D E R

    This matter comes before the Court upon receipt of Petitioner's Notice of Appeal (Dkt. 10) of the July 11, 2005 decision denying his motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255, *see* Dkt. 8, which the Court construes as a motion for issuance of a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253.[2] *See* Dkt. 11.  Petitioner did not pay the filing fee or file a request to proceed on appeal *in forma pauperis*.

    Issuance of a COA does not require a showing that the appeal will succeed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003).  Under the controlling standard, a

---

[1]"Certificate of Appealability.  (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[2]"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (B) the final order in a proceeding under section 2255. . . . A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

petitioner must, however, demonstrate that reasonable jurists could find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right <u>and</u> (2) the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam). Petitioner has failed to make this threshold showing.  *See Slack*, 529 U.S. at 485; *Franklin*, 215 F.3d at 1199.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Notice of Appeal (Dkt. 10), which the Court has construed as a motion for issuance of a certificate of appealability (Dkt. 11), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 30, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

SA:jsh

2