UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NESTOR MEZA,**

    **Plaintiff,**

v.                                    Case No.  8:04-cv-2049-T-30TGW
                                                                          8:03-cr-124-T-30TGW

**UNITED STATES OF AMERICA,**

    **Defendant.**
_____

# ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion for Leave to Appeal *in forma pauperis* (Dkt.14) and Motion for Production of the Complete Record Upon Collateral Attack Filed *In Forma Pauperis* (Dkt. 15).  In its August 30, 2005 order, this Court denied Petitioner's construed request for issuance of a certificate of appealability because he failed to meet the two-prong *Slack* test.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

As to Petitioner's request for a copy of the record, an indigent prisoner is not automatically entitled to a copy of documents from the court files at government expense. Pursuant to 28 U.S.C. § 753(f), which governs the furnishing of transcripts requested by parties and the collection of fees associated therewith:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons allowed to sue, defend, or appeal in forma pauperis shall be paid by the United States out of moneys appropriated for those purposes if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). In *MacCollom*, the Supreme Court upheld the constitutionality of Section 753. *United States v. MacCollom*, 426 U.S. 317, 325-26 (1976). The Court concluded that the right of a petitioner to equal access to procedures for review of his/her conviction was satisfied where the petitioner was afforded a free transcript upon a showing of a particularized need. *Id.* at 326. Having failed to demonstrate a particularized need at this stage of these proceedings, Petitioner is not entitled to copies of documents from the record at government expense.

Accordingly, the Court **ORDERS** that Petitioner's Motion for Leave to Appeal *in forma pauperis* (Dkt. 14) and Petitioner's Motion for Production of the Complete Record Upon Collateral Attacked Filed *In Forma Pauperis* (Dkt. 15) are **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 27, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-2049 - Deny Appeal IFP.wpd